property sold, which the vendors had falsely represented as <span style="float:right">EASTERN DIST.</span>
being merely nominal. <span style="float:right">*May,* 1839.</span>

The case was discontinued against the defendant Mitchell, <span style="float:right">SAUVINET</span>
and the jury gave a verdict in favor of the plaintiff for the <span style="float:right">*vs.*<br>POUPONO ET AL.</span>
sum claimed. Judgment being entered in conformity there-
with, the defendants appealed.

During the trial, the defendant offered to introduce evi-
dence to show that the mortgages enumerated in the sale
made to him, were not cancelled. The plaintiff objected to
the introduction of it, on the ground that the sale was
effected under an order of the court of probates, and that the
mortgages being in the name of the previous owner, were
cancelled thereby. The court sustained the objection, and
the defendants took a bill of exceptions.

The parish judge did not err. The mortgages complained <span style="float:right">Where mort-<br>gages have ceas-</span>
of had ceased to exist by virtue of the adjudication at pro- <span style="float:right">ed to exist by</span>
bate sale ; and the fact that they still appeared upon the <span style="float:right">virtue of a pro-<br>bate sale, the fact</span>
books of the recorder, could work no injury to the defendant, <span style="float:right">that they still ap-</span>
and was merely evidence of rights which had once existed, <span style="float:right">pear on the<br>books of the re-</span>
but had been extinguished by the operation of law. <span style="float:right">corder of mort-<br>gages, will not</span>

The evidence fully justifies the verdict and judgment ; but <span style="float:right">authorize the<br>purchaser to</span>
as the defendant may have taken his bill of exceptions in <span style="float:right">withhold pay-</span>
good faith, we will not give damages for a frivolous appeal. <span style="float:right">ment of the price.</span>

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Parish Court be affirmed with costs.

---

### SAUVINET *VS.* POUPONO, F. M. C., ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

An affidavit which declares " that the material facts in the foregoing
petition set forth are true," is too indefinite and uncertain, to sustain
an injunction.

An affidavit for an injunction must be direct, positive and unconditional;
and where it only attests the truth and correctness of the facts and
allegations in the petition, which render the injunction necessary, it
is insufficient.

EASTERN DIST.
May, 1839.

SAUVINET
*vs.*
POUPONO ET AL.

On the dissolution of an injunction, the fee of the defendant's attorney may be assessed as special damages.

This suit commenced by the executory process. The plaintiff obtained an order of seizure and sale against several slaves, hypothecated to him by the defendant, to secure the payment of a sum of money.

Louis Ferraud, fils, intervened, for the protection of some rights which he set up to the property or slaves seized, and prayed for an injunction to restrain the sale.

At the foot of his petition of intervention, he made the following affidavit : " L. Ferraud, fils, the above petitioner, makes oath that the *material* facts in the foregoing petition set forth, are true."

After the usual proceedings were had, the parish judge dissolved the injunction, on the insufficiency of the affidavit, and grounds set forth on which it was granted, and allowed two hundred dollars special damages in the shape of attorney's fees, with ten per cent. per annum interest on the sum enjoined. The intervenor appealed.

*Benjamin,* for the plaintiff, insisted, that the affidavit was insufficient to maintain the injunction, and that it was properly dissolved. The special damages for attorney's fees are fully proved, and are legally and properly allowed. *Code of Practice,* 304. 5 *Louisiana Reports, two cases,* 50 *and* 244.

*D. Seghers,* contra.

*Rost, J.,* delivered the opinion of the court.

Ferraud, fils, intervened in this case, as he alleged, for the protection of his rights, and obtained an injunction to prevent the sale of some property of the defendant, seized under two mortgages, executed by the said defendant to the plaintiff. The affidavit made by the intervenor, is in these words : " *The above petitioner makes oath that the material facts in the foregoing petition set forth, are true.*"

That affidavit is indefinite and uncertain, and not such as the law requires. The facts which the intervenor deems immaterial, are not sworn to; but the court may differ in opinion with him, and consider those facts as material in his behalf. An indictment for perjury could not be maintained upon such an affidavit, for want of certainty as to the facts sworn to.

EASTERN DIST.
*May*, 1839.

This case is not to be distinguished from those of Hebert *vs.* Joly and others, 5 *Louisiana Reports,*- 50, and Ricard's heirs *vs.* Hiriart and others, *idem*, 244, in which the injunction was dissolved.

The interest allowed by the parish court necessarily follows the dissolving of the injunction, and the damages assessed appear to us reasonable.

It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.